IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **PNC BANK, NATIONAL ASSOCIATION,** a national banking association, <br><br> Plaintiff, <br><br> v. <br><br> **MAC MEETINGS & EVENTS, L.L.C.,** a Missouri limited liability company, <br><br> Serve at:  Waiver of service to be requested in accordance with Fed. R. Civ. P. 4(d) <br><br> and <br><br> **801 N SECOND STREET, LLC,** a New York limited liability company, <br><br> Serve at:  Waiver of service to be requested in accordance with Fed. R. Civ. P. 4(d) <br><br> Defendants. | Case No. 4:18-cv-1967 |

## COMPLAINT

COMES NOW Plaintiff PNC Bank, National Association ("PNC"), by and through its undersigned counsel, and for its Complaint against Defendants MAC Meetings & Events, L.L.C. ("MAC") and 801 N Second Street, LLC f/k/a Logistic Innovations, LLC ("801 N Second" and, together with MAC, the "Defendants"), states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. PNC is a national banking association and, for purposes of 28 U.S.C. § 1332(a)(1), is a citizen of the State of Delaware.

2. Defendant MAC is a limited liability company organized under the laws of the State of Missouri and, for purposes of 28 U.S.C. § 1332(a)(1), is a citizen of the States of Missouri and Illinois as its members consist of the following natural persons: (a) James J. Lindsay, a domicile and citizen of the State of Missouri; (b) Daniel R. McGuire, a domicile and citizen of the State of Illinois; and (c) Susan Gray, a domicile and citizen of the State of Missouri.

3. Defendant 801 N Second is a limited liability company organized under the laws of the State of New York and, for purposes of 28 U.S.C. § 1332(a)(1), is a citizen of the States of Missouri, Illinois and New York as its members consist of: (a) MAC; and (b) Merrill B. Corry, a natural person who is a domicile and citizen of the State of New York.

4. This Court has subject matter jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between PNC and the Defendants and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. Venue properly lies in this Court under 28 U.S.C. § 1391 because: (a) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district; and/or (b) all of the Defendants consented to venue in this Court.

<u>COUNT I</u><br>(Suit on a Note)

6. As and for Paragraph 7 of its Complaint, PNC incorporates by reference, as if the same were fully set forth herein, the allegations contained in Paragraphs 1 through 5 of this Complaint.

7. To evidence their joint and several obligation to repay a revolving credit loan (the "<u>Revolving Credit Loan</u>") provided to them by PNC, MAC and 801 N Second executed and

delivered to PNC a certain Amended and Restated Committed Line of Credit Note dated as of April 30, 2011 (the "Original Amended and Restated Revolving Credit Note").

8. A true and accurate copy of the Original Amended and Restated Revolving Credit Note is attached hereto as **Exhibit A** and is expressly incorporated herein by reference.

9. The Revolving Credit Loan is further evidenced by—and the Original Amended and Restated Revolving Credit Note is further referenced in—certain other documents and agreements by and among the parties, including, without limitation: (a) that certain Loan Agreement dated as of April 30, 2011 by and among MAC, 801 N Second and PNC (a true and accurate copy of which is attached hereto as **Exhibit B** and expressly incorporate herein by reference); (b) that certain Borrowing Base Rider dated as of April 30, 2011 by and among MAC, 801 N Second and PNC (a true and accurate copy of which is attached hereto as **Exhibit C** and expressly incorporate herein by reference); and (c) that certain Working Cash, Line of Credit, Investment Sweep Rider (Single Option) dated as of April 30, 2011 by and among MAC, 801 N Second and PNC (a true and accurate copy of which is attached hereto as **Exhibit D** and expressly incorporate herein by reference);

10. The "Expiration Date" (*i.e.*, the maturity) of the Original Amended and Restated Revolving Credit Note was subsequently amended and extended pursuant to the following (as so amended and extended, the "Revolving Credit Note"): (a) that certain First Amendment to Loan Documents dated as of April 27, 2012 by and among MAC, 801 N Second and PNC (the "First Amendment")(a true and accurate copy of which is attached hereto as **Exhibit E** and expressly incorporated herein by reference); (b) that certain letter dated as of April 10, 2013 from PNC to MAC and 801 N Second (the "April 10, 2013 Extension Letter"); (c) that certain letter dated as of April 28, 2014 from PNC to MAC and 801 N Second (the "April 28, 2014 Extension Letter");

(d) that certain letter dated as of July 23, 2014 from PNC to MAC and 801 N Second (the "July 23, 2014 Extension Letter"); (e) that certain letter dated as of July 15, 2015 from PNC to MAC and 801 N Second (the "July 15, 2015 Extension Letter"); (f) that certain letter dated as of August 25, 2015 from PNC to MAC and 801 N Second (the "August 25, 2015 Extension Letter"); and (g) that certain letter dated as of July 22, 2016 from PNC to MAC and 801 N Second (the "July 22, 2016 Extension Letter" and together with the April 10, 2013 Extension Letter, April 28, 2015 Extension Letter, the July 23, 2014 Extension Letter, the July 15, 2015 Extension Letter, and the August 25, 2015 Extension Letter, the "Extension Letters")(true and accurate copies of said Extension Letters being attached hereto as **Group Exhibit F** and being expressly incorporated herein by reference).

11. As a result of various uncured defaults existing with respect to the Revolving Credit Loan, PNC made written demand dated as of May 15, 2017 (the "May 15, 2017 Demand Letter") upon MAC and 801 N Second to immediately repay in full the outstanding principal balance and all accrued but unpaid interest owing under the Revolving Credit Note.

12. A true and accurate copy of the May 15, 2017 Demand Letter is attached hereto as **Exhibit G** and is expressly incorporated herein by reference.

13. Notwithstanding the May 15, 2017 Demand Letter, neither MAC nor 801 N Second has repaid the amounts owing to PNC under the Revolving Credit Note.

14. As of November 16, 2018, there is due and owing to PNC on the Revolving Credit Note the principal sum of One Million Two Thousand Ninety-One and 68/100 Dollars $1,002,091.68, plus accrued and unpaid interest in the amount of Sixty-Three Thousand; Nine Hundred Nine and 19/100 Dollars ($63,909.19) to November 16, 2018, plus PNC's costs of collection, including attorneys' fees, in attempting to enforce and collect the outstanding

obligations owing by MAC and 801 N Second under the Revolving Credit Note (collectively, plus all other amounts coming due beginning November 16, 2018 through the date of full repayment, the "<u>Revolving Credit Indebtedness</u>"). Interest continues to accrue on the unpaid principal balance of the Revolving Credit Indebtedness at the rate set forth in the Revolving Credit Note and related documents, which daily rate as of November 16, 2018 was One Hundred Thirty Three and 68/100 Dollars ($133.68).

15. PNC is also entitled to recover, as part of the Revolving Credit Indebtedness, its costs of collection, including attorneys' fees, in attempting to enforce and collect MAC's and 801 N. Second's obligations under the Revolving Credit Note. PNC has incurred costs of collection, including reasonable attorneys' fees, to collect both the Revolving Credit Indebtedness and the Credit Card Agreement Indebtedness as more particularly described below of at least One Hundred Twenty Thousand and 00/100 Dollars ($120,000.00) as of the date of this Complaint.

WHEREFORE, Plaintiff PNC Bank, National Association respectfully prays that this Court (a) enter judgment with respect to the Revolving Credit Indebtedness in its favor and against Defendants MAC Meetings & Events, L.L.C. and 801 N Second Street, LLC, jointly and severally, in the amount of at least One Million Sixty-Seven Thousand Seven Hundred Seventy-Two and 10/100 Dollars ($1,067,772.10), together with interest accruing on the unpaid principal balance of such Revolving Credit Indebtedness beginning November 16, 2018 through the date of full repayment at the rate set forth in the of Revolving Credit Note and related documents, which daily rate was One Hundred Thirty Three and 68/100 Dollars ($133.68) on November 16, 2018, plus PNC's costs of collection, including attorneys' fees, and (b) grant such further and additional relief as this Court deems necessary and appropriate.

## COUNT II

### (Breach of Contract)

16. As and for Paragraph 16 of its Complaint, PNC incorporates by reference, as if the same were fully set forth herein, the allegations contained in Paragraphs 1 through 15 of this Complaint.

17. PNC and MAC were parties to a certain VISA Commercial Card Agreement dated as of February 26, 2010 (the "Original Credit Card Agreement"), which said Original Credit Card Agreement was amended by the following (as so amended, the "Credit Card Agreement"): (a) a certain Amendment to VISA Commercial Card Agreement dated as of May 6, 2010 (the "May 6, 2010 Amendment") by and between PNC and MAC; (b) a certain Amendment to VISA Commercial Card Agreement dated as of April 21, 2011 (the "April 21, 2011 Amendment") by and among PNC, MAC and 801 N Second; (c) a certain Amendment to VISA Commercial Card Agreement dated as of November 9, 2011 (the "November 9, 2011 Amendment") by and among PNC, MAC and 801 N Second; (d) a certain Amendment to VISA Commercial Card Agreement dated as of November 2, 2012 (the "November 2, 2012 Amendment") by and among PNC, MAC and 801 N Second; (e) a certain Amendment to VISA Commercial Card Agreement dated as of February 12, 2015 (the "February 12, 2015 Amendment") by and among PNC, MAC and 801 N Second; (f) a certain Amendment to VISA Commercial Card Agreement dated as of January 26, 2016 (the "January 26, 2016 Amendment") executed by and among PNC, MAC and 801 N Second; and (g) a certain Amendment to VISA Commercial Card Agreement dated as of February 29, 2016 (the "February 29, 2016 Amendment" and, together with the May 6, 2010 Amendment, the April 21, 2011 Amendment, the November 9, 2011 Amendment, the November 2, 2012 Amendment, the February 12, 2015

Amendment and the January 26, 2016 Amendment, the "Amendments") executed by and among PNC, MAC and 801 N Second.

18. True and accurate copies of the Original Credit Card Agreement and each of the Amendments are attached hereto as **Group Exhibit H** and are expressly incorporated herein by reference.

19. Pursuant to the Credit Card Agreement, PNC agreed to extend certain credit to MAC and 801 N Second, which MAC and 801 N Second jointly and severally agreed to repay in full with interest.

20. MAC and 801 N Second have breached and remain in breach of the Credit Card Agreement as a result of, among other things, their ongoing failure to repay when due the outstanding amounts owing to PNC under the Credit Card Agreement.

21. On the basis of the foregoing breach, PNC sent written notice to MAC and 801 N Second on November 29, 2016 (the "November 29, 2016 Demand Letter"), notifying MAC and 801 N Second that it was terminating their rights and privileges under the Credit Card Agreement and demanding that MAC and 801 N Second immediately repay all outstanding amounts owing under the Credit Card Agreement, including, without limitation, charges, fees, interests and costs.

22. A true and accurate copy of the November 29, 2016 Demand Letter is attached hereto as **Exhibit I** and is expressly incorporated herein by reference.

23. Notwithstanding the November 29, 2016 Demand Letter, neither MAC nor 801 N Second has paid to PNC the outstanding amounts owing under the Credit Card Agreement.

24. As a direct and proximate result of MAC's and 801 N Second's ongoing breach of the Credit Card Agreement, PNC has sustained and is continuing to sustain damages consisting

of Two Million Nine Hundred Thirty-seven Thousand Five Hundred Eighty and 74/100 Dollars ($2,937,580.74), plus PNC's costs of collection, including attorneys' fees, in attempting to enforce and collect the outstanding obligations owing by MAC and 801 N Second under the Credit Card Agreement (collectively, plus all other amounts coming due beginning November 16, 2018 through the date of full repayment, the "Credit Card Agreement Indebtedness").

25.  PNC is also entitled to recover, as part of the Credit Card Agreement Indebtedness. PNC has incurred costs of collection, including reasonable attorneys' fees, to collect the Revolving Credit Indebtedness and the Credit Card Agreement Indebtedness of at least One Hundred Twenty Thousand and 00/100 Dollars ($120,000.00) as of the date of this Complaint.

WHEREFORE, Plaintiff PNC Bank, National Association respectfully prays that this Court (a) enter judgment with respect to the Credit Card Agreement Indebtedness in its favor and against Defendants MAC Meetings & Events, L.L.C. and 801 N Second Street, LLC, jointly and severally, in the amount of Two Million Nine Hundred Thirty-seven Thousand Five Hundred Eighty and 74/100 Dollars ($2,937,580.74), plus PNC's costs of collection, including attorneys' fees, in attempting to enforce and collect the outstanding obligations owing by MAC and 801 N Second under the Credit Card Agreement, plus PNC's costs and reasonable attorneys' fees, and (b) grant such further and additional relief as this Court deems necessary and appropriate.

Respectfully submitted,

THOMPSON COBURN LLP

By  /s/ Cheryl A. Kelly
    Cheryl A. Kelly, Esq., #36821MO
    David D. Farrell, Esq., #39969MO
    Mike W. Bartolacci, Esq., #35441MO
    One US Bank Plaza, Suite 2700
    St. Louis, Missouri 63101
    314-552-6000
    Fax 314-552-7000
    ckelly@thompsoncoburn.com
    dfarrell@thompsoncoburn.com
    mbartolacci@thompsoncoburn.com

Attorneys for Plaintiff PNC Bank, National Association